# In the United States Court of Federal Claims

**NOT FOR PUBLICATION**

No. 26-848
(Filed: June 12, 2026)

|  |  |
|---|---|
| **BRIAN M. MEENK**, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**ORDER OF DISMISSAL**

Pro se plaintiff Brian M. Meenk filed this action on June 8, 2026, principally challenging various actions taken by a magistrate judge during the adjudication of a prior lawsuit he brought in the United States District Court for the Central District of California. *See* ECF 1 at 1; *see also Meenk v. Chief Med.*, No. 24-11150 (C.D. Cal. Sep. 24, 2025), Dkt. No. 21. Although difficult to decipher, his complaint also outlines actions reportedly taken by California state agencies and officials that allegedly caused him serious physical harm. *See, e.g.*, ECF 1 at 5 ("Defendants do in fact owe plaintiff monetary funds/compensation for their extreme negligence that did in fact result in plaintiff claimant's death." (cleaned up)). He seeks $100 million in punitive damages, attorney's fees, docket filing fees, "dragnet lien [and] floating lien services," "medical reparations," and sanctions. ECF 1 at 3. Alongside his complaint, Mr. Meenk submitted a motion for leave to proceed *in forma pauperis* (IFP).[1] ECF 2.

To proceed with a civil action in this Court, a plaintiff must either pay $405 in court filing fees (i.e., $350 filing fee plus a $55 general administration fee) or request authorization to proceed without prepayment of fees by submitting a signed application to proceed IFP. *See* 28 U.S.C. §§ 1914–15. Mr. Meenk left certain

---

[1] Although Mr. Meenk submitted a Prisoner Authorization Form, *see* ECF 2-1, he indicated on his IFP application that he is not currently incarcerated, ECF 2 at 1. The Court's own search did not identify any records suggesting otherwise.

questions unanswered on his IFP application, *see* ECF 2 at 2 (part of question three and all of questions four through eight left unanswered), which would normally prompt the Court to deny it as incomplete and order him to either pay the $405 in required fees or submit a complete version. *See, e.g.*, *Banks v. United States*, No. 26-360 (Fed. Cl. Mar. 13, 2026), Dkt. No. 8. But because Mr. Meenk attempts to assert claims against individuals and entities over which this Court cannot exercise jurisdiction, his complaint must be dismissed.

Mindful that Mr. Meenk is proceeding pro se, the Court must construe his pleading liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases). That said, he must still establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." RCFC 12(h)(3); *accord Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

Here, Mr. Meenk asserts claims against the magistrate judge who presided over his prior lawsuit, various California state agencies and employees, and unspecified "lien debtors." *See, e.g.*, ECF 1 at 1 (writing "Lien Debtors" under the defendant's portion of the case caption); *id.* at 4 (listing the magistrate judge, "lien Debtors," "Chief Medical California Institute for Men," and "Chief Medical et al., California Rehabilitation Center . . . et al." as defendants in the case caption (cleaned up)). His claims against the magistrate judge must be dismissed because this Court cannot exercise jurisdiction over claims against "private actors," *Chisum v. United States*, No. 25-1562, 2025 WL 2836408, at *2 (Fed. Cir. Oct. 7, 2025) (per curiam), or challenges to "the decisions of the federal district courts," *Rajapakse v. United States*, No. 13-391, 2013 WL 6039045, at *3 (Fed. Cl. Oct. 23, 2013) (first citing *Allustiarte v. United States*, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001); and then citing *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)). The same goes for Mr. Meenk's claims against California state agencies and employees. *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (per curiam) ("Although [pro se plaintiff]'s caption identifies the United States as the defendant in the suit, her factual allegations are directed at New Jersey state agencies, state officials, and private individuals. . . . The Court of Federal Claims lacks jurisdiction over states, state officials, and state agencies." (citation omitted)).

Finally, to the extent Mr. Meenk's reference to "lien debtors" was meant to capture individuals or entities other than those discussed above, such a reference is too bare and ambiguous to allow the Court to assess the jurisdictional propriety of any claims against those defendants or otherwise provide the government with notice of the specific federal agency(ies) or official(s) who are the subject of the lawsuit.

*See Jackson v. United States*, 162 Fed. Cl. 282, 290 (2022) ("While this Court must liberally construe the filings of *pro se* plaintiffs, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence." (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); then citing *Landreth*, 797 F. App'x at 523; and then citing *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (per curiam))); *see also Mandell v. United States*, No. 13-188, 2013 WL 12159002, at *1 (Fed. Cl. Mar. 22, 2013) ("[P]ursuant to its inherent authority, the Court *sua sponte* dismisses [pro se plaintiff]'s complaint for failure to state a claim." (collecting cases)), *aff'd mem.*, 534 F. App'x 996 (Fed. Cir. 2013) (per curiam) (citing FED. CIR. R. 36).

For the foregoing reasons,

(1) Plaintiff's complaint (ECF 1) is **DISMISSED** without prejudice for lack of subject-matter jurisdiction and for failure to state a claim pursuant to RCFC 12(h)(3) and 12(b)(6), respectively.

(2) The Clerk of Court is directed to **DISMISS** plaintiff's complaint (ECF 1) without prejudice for lack of subject-matter jurisdiction and for failure to state a claim pursuant to RCFC 12(h)(3) and RCFC 12(b)(6).

(3) Plaintiff's IFP application (ECF 2) is **DENIED** as moot.

(4) The Clerk of Court is further directed to **ENTER** judgment accordingly. No costs.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge

3